Lesley E. Weaver, Esquire
Shepherd, Finkelman, Miller & Shah, LLP
199 Fremont Street, 20th Floor
San Francisco, CA 94105-2255
Phone: (415) 992-7282
Facsimile: (415) 489-7701
Email: lweaver@sfmslaw.com

(Additional Counsel on Signature Page)

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| PATRICIA FRANCO and LILIA CASTRO, on behalf of themselves and on behalf of all other similarly situated individuals, | ) Case No. 1:10-CV-02354-AWI-SKO |
| Plaintiffs, | ) **JOINT STIPULATION AND** ) **ORDER GRANTING LEAVE TO AMEND** ) **COMPLAINT** |
| v. | ) **JURY TRIAL DEMANDED** |
| RUIZ FOOD PRODUCTS, INC., and DOES 1-50, inclusive, | ) |
| Defendants. | ) |

Consistent with the parties' discussions with Magistrate Judge Oberto at the Case Management Conference on March, 22, 2011, and pursuant to Local Rules 143 and 144, the parties hereby stipulate as follows.

WHEREAS:

1.      On March 15, 2011, in advance of the Case Management Conference on March 22, 2011, the parties submitted their Joint Scheduling Report, attached to which Plaintiffs Lilia Castro and Patricia Franco (collectively, "Plaintiffs") submitted their Proposed Amended Complaint for their

amendment as of right, which Defendant Ruiz, Inc. ("Defendant") did not oppose, and Plaintiffs stated at the Conference that Plaintiffs sought to meet and confer further with Defendant regarding same;

2.      Magistrate Judge Oberto's Case Management Conference Order set the deadline to amend the pleadings for April 5, 2011;

3.      Following the Case Management Conference, the parties met and conferred, and Plaintiffs sought additional time to investigate certain claims asserted in the initial complaint to determine whether additional amendment was appropriate;

4.      Following this investigation, Plaintiffs have met and conferred with Defendant regarding the Proposed Amended Complaint, attached hereto as Exhibit A, and Defendant has no objection to Plaintiffs filing same;

THEREFORE, the parties jointly agree and stipulate:

A.      Plaintiffs may file the attached Proposed Amended Complaint; and

B.      Plaintiffs will promptly file the Amended Complaint upon entry of this Order.


Respectfully Submitted,


Date:  May 3, 2011                          Date:  May 3, 2011


/s/ Mitchell F. Boomer                      /s/ Lesley E. Weaver
Mitchell F. Boomer                          Lesley E. Weaver, Esquire
JACKSON LEWIS LLP                           (SBN 191305)
199 Fremont Street, 10th Floor              Shepherd, Finkelman, Miller & Shah, LLP
San Francisco, CA 94105                     199 Fremont Street , 20th Floor
Telephone:  415-394-9400                    San Francisco, CA 94105-2255
Facsimile:  415-394-9401                    Telephone: (415) 992-7282
Email:                                      Facsimile: (415) 489-7701
boomerm@jacksonlewis.com                    Email: lweaver@sfmslaw.com


/s/ Cynthia S. Sandoval                     /s/ Philip A. Downey
Cynthia S. Sandoval                         Philip A. Downey, Esquire
Hazel U. Poei                               Pennsylvania Bar ID No. 81603
JACKSON LEWIS LLP                           The Downey Law Firm, LLC
                                            P.O. Box 1021

JOINT STIPULATION

5000 Birch Street, Suite 5000
Newport Beach, CA 92660
Telephone:  949-885-1360
Facsimile:  949-885-1380
Email:
sandovac@jacksonlewis.com
Email:  poeih@jacksonlewis.com

*Attorneys for Defendant*
*Ruiz Food Products, Inc.*

Unionville, PA 19375
Telephone: (610)324-2848
Facsimile:  (610)813-4579
Email: downeyjustice@gmail.com

/s/ Eric L. Young
Eric L. Young, Esquire
Pennsylvania Bar ID No. 84109
Egan Young, *Attorneys-at-Law*
526 Township Line Road, Suite 100
Blue Bell, PA 19422
Telephone: (215) 367-5151
Facsimile: (215) 367-5143
Email: eyoung@eganyoung.com

/s/ James E. Miller
James E. Miller, Esquire
(SBN 262553)
Karen M. Leser-Grenon, Esquire
(SBN 231189)
Shepherd, Finkelman, Miller & Shah, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile:  (860) 526-1120
Email: jmiller@sfmslaw.com
kleser@sfmslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

IT IS SO ORDERED.

Dated:   **May 3, 2011**                              **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE

- 3 -
JOINT STIPULATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

EXHIBIT A TO JOINT STIPULATION

1

2

3    **Lesley E. Weaver, Esquire**
     Shepherd, Finkelman, Miller & Shah, LLP

4    199 Fremont Street, 20th Floor
     San Francisco, CA 94105-2255

5    Phone: (415) 992-7282
     Facsimile: (415) 489-7701

6    Email: lweaver@sfmslaw.com

7
     (Additional Counsel on Signature Page)

8

9    *Attorneys for Plaintiffs and the Proposed Class*

10                  **UNITED STATES DISTRICT COURT FOR THE**
                      **EASTERN DISTRICT OF CALIFORNIA**
11                            **FRESNO DIVISION**

12

13   PATRICIA FRANCO and LILIA CASTRO, on          )   Case No. 1:10-CV-02354-AWI-SKO
     behalf of themselves and on behalf of all other  )
14   similarly situated individuals,                 )   **AMENDED COLLECTIVE CLASS**
                              Plaintiffs,            )   **ACTION COMPLAINT FOR**
15                                                   )   **VIOLATIONS OF FEDERAL FAIR**
                                                     )   **LABOR STANDARDS ACT, 29 U.S.C. §**
16              v.                                   )   **216(b), and AMENDED RULE 23 CLASS**
                                                     )   **ACTION COMPLAINT FOR**
17   RUIZ FOOD PRODUCTS, INC., and                   )   **VIOLATIONS OF CALIFORNIA LABOR**
     DOES 1-50, inclusive,                           )   **CODE AND WAGE ORDERS, AND**
18                                                   )   **CALIFORNIA BUSINESS AND**
                              Defendants.            )   **PROFESSIONS CODE §§17200, *et seq.***
19                                                   )
                                                     )
20                                                   )   JURY TRIAL DEMANDED
                                                     )
21   _____        )

22

23          Plaintiffs Patricia Franco and Lilia Castro (hereinafter "Plaintiffs"), on behalf of themselves

24   and all other similarly situated individuals, complain and allege as follows:

25   **I.      JURISDICTION & VENUE**

26          1.      This Court is vested with original jurisdiction over Plaintiffs' claims under the Fair

27   Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 216(b) and because they raise a federal

28
                                              - 5 -
                       AMENDED COLLECTIVE CLASS ACTION COMPLAINT

question pursuant to 28 U.S.C. § 1331.

2.     This Court is empowered with supplemental jurisdiction over Plaintiffs' pendant state law claims.  28 U.S.C. §1367.

3.     Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendants (as defined below) reside in this judicial district in that they regularly conduct business within this judicial district and thus are subject to personal jurisdiction within this judicial district.

## II.     <u>INTRODUCTION</u>

4.     This is a class action against Ruiz Food Products, Inc. ( "Ruiz") and the individual Doe defendants (collectively,  "Defendants") to challenge Ruiz's policy and practice of requiring its non-exempt employees to work substantial amounts of time "off-the-clock" and without pay, and of failing to provide non-exempt employees with the meal and rest periods to which they are entitled by law.

5.     Plaintiffs and the members of the Class are production-line employees. Under Ruiz's wage compensation system, Ruiz does not pay Plaintiffs and Class members for all required pre- and post-production-line activities that are necessary and integral to their overall employment responsibilities, including, but not limited to: donning and doffing protective equipment and gear, cleaning and sanitizing that equipment, walking to their lockers and/or the production line after already performing compensable activities, walking to the wash stations and then to their lockers and/or supply rooms before the end of compensable time, working on knife maintenance equipment and waiting in line to receive required knives, supplies, tools and equipment on a daily basis.

6.     The time that Ruiz requires its employees to work without compensation is substantial, and deprives Plaintiffs and the Class of many hours' worth of wages (both straight-time and overtime) per week.  In addition, because Plaintiffs and the Class are required to perform numerous tasks, both at the beginning and the end of their meal and rest breaks, they are not provided with 30

minutes of off-duty time in which to eat their meals, nor, if they work in excess of 10 hours, are they provided with a second 30 minute break, or 10 minutes of off-duty time in which to rest, as required by California law.

8.     As a result of all of these acts and omissions, Ruiz is liable for violations of the FLSA, California Labor Code, California Industrial Welfare Commission ("IWC") wage orders, and the California Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 *et. seq.*

9.     Plaintiffs seek full compensation, on behalf of themselves and all others similarly situated, for all unpaid wages, unpaid overtime, denied meal and rest periods, and waiting time penalties. Plaintiffs also seek additional relief available under applicable law on behalf of themselves and the proposed California law Class for Ruiz's violations of the FLSA, California Labor Code and California IWC wage orders. Plaintiffs also seek declaratory and injunctive relief, including restitution. Finally, Plaintiffs seek reasonable attorneys' fees and costs under the FLSA, California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law.

## III.   PARTIES

10.     Plaintiffs Patricia Franco and Lilia Castro were formerly employed by Ruiz on the production line at Ruiz' Dinuba, California facility within the statutory time period in this case. Plaintiffs are residents of Tulare County, California.

11.     Defendant Ruiz is a California corporation and, at all times relevant to this Complaint, has been a processor of various food products for human consumption at its Dinuba, California production facility.

12.     The true names and capacities of Does 1-50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs, who therefore sue the Doe Defendants by fictitious names. Plaintiffs are informed, believe, and thereon allege that each of these fictitiously named Defendants are responsible in some manner for the complained of occurrences and Plaintiffs' and the Class members' damages as herein alleged. Plaintiffs will amend this Complaint to identify the Doe Defendants' true names and capacities when they have been ascertained.

13.     At all relevant times, Ruiz has done business under the laws of California, has had places of business in California, including in this judicial district, and has employed Class members in this judicial district.  Ruiz is a "person" as defined in California Labor Code §18 and California Business and Professions Code § 17201.  Ruiz is also an "employer" as that term is used in the California Labor Code and the IWC's Orders regulating wages, hours and working conditions.

## IV.    FACTUAL ALLEGATIONS

14.     The policies and practices of Ruiz, including failure to pay for all hours worked, the failure to pay overtime wages, denial of meal and rest periods, and failure to pay wages upon termination of employment, at all relevant times have been substantially similar for Plaintiffs and the members of the Class.

15.     Pursuant to state and federal regulations and Ruiz's own internal policies and procedures, Plaintiffs and Class members are required to wear special personal protective equipment and gear ("PPE") for safety and sanitary reasons.  PPE includes, *inter alia*, plastic aprons, cloth aprons, arm guards, gloves, mesh gloves, mesh aprons, hardhats, scabbards, hairnets, earplugs, frock coats, eye protection, and other protective equipment and coverings.  The PPE is designed to protect the workers from injury and illness, and the food consuming public from illness generated by human biohazards.  All of Ruiz's production-line employees are required to use PPE in the course of their work, and/or are exposed to biohazards and/or could infect food product with human generated biohazards.

16.     At the beginning of each work day, Plaintiffs and Class members are required to line up to receive clean PPE and clothing for the day.  This wait can be in excess of five minutes.  Additionally, Plaintiffs and Class members are required to don substantial amounts of PPE, and sanitize their PPE prior to the start of paid time.  As a result of the various unpaid work activities which must be performed prior to the start of paid time, employees regularly are forced to arrive at the plant well before the start of their shifts.

17.     During their unpaid thirty minute meal breaks, Plaintiffs and Class members must clean their PPE, and search for an open hook on which to hang it. They must then remove their PPE and hang it before proceeding off of the processing floor.  Prior to the conclusion of their thirty minute meal break, Plaintiffs and Class members must go to the supply room and wait in line to receive clean PPE, and return to their work stations many minutes before the line starts, in order to allow them sufficient time to re-don their PPE and be ready to process food products prior to the expiration of their thirty minute meal breaks.  All of these activities are work activities. Ruiz does not compensate Plaintiffs and the Class members for the time it takes to perform them.  Furthermore, as these are work activities, Ruiz never, in fact, provides Plaintiffs, or Class members, with a full thirty minute meal break free of work activities, nor a ten minute rest break free of work activities.

18.     At the end of the day — and after being taken "off the clock" by Ruiz — Plaintiffs and the Class members must walk to wash stations to clean their hands and walk to their lockers.  Despite the fact that these activities are compensable work and take a substantial amount of time to complete, Ruiz does not pay Plaintiffs and the Class members for this time.

19.     Ruiz denies to Plaintiffs and the Class members the meal and rest periods to which they are entitled each day. Even when Plaintiffs and the Class members are allowed to take a meal or rest break, the multiple tasks they must perform both before and after their meal or rest break mean that they are not actually provided with duty-free breaks.

22.     Ruiz's unlawful conduct has been (and is) widespread, repeated, and willful throughout its Dinuba, California facility.  Ruiz knew or should have known that its policies and practices have been unlawful and unfair.

**V.      CLASS ACTION ALLEGATIONS**

23.     Plaintiffs bring this case as a class action on behalf of themselves and all other similarly situated individuals.  The Class that Plaintiffs seek to represent for Defendants' violations of California labor statutes is defined as follows:

> All individuals who are currently employed, or formerly have been employed, as nonexempt production-line employees at the Ruiz

AMENDED COLLECTIVE CLASS ACTION COMPLAINT

food processing facility in Dinuba, California, at any time within four (4) years prior to the filing of the original complaint until resolution of this action.

24.   The Class that Plaintiffs seek to represent for violations by Defendants' violations of the FLSA is defined as follows:

> All individuals who are currently employed, or formerly have been employed, as nonexempt production-line employees at the Ruiz food processing facility in Dinuba, California, at any time within three (3) years prior to the filing of the original complaint until resolution of this action.

25.   This action has been brought and may properly be maintained as a class action under both Fed.R.Civ.P. 216(b) and Fed.R.Civ.P. 23 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and common questions predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

i.   Whether Ruiz, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to pay Class members all of the wages they are owed, in violation of the California Labor Code and the FLSA;

ii.   Whether Ruiz, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to pay Class members all of the overtime wages they are owed, in violation of the California Labor Code and the FLSA;

iii.   Whether Ruiz, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to pay Class members all of the overtime wages they are owed, in violation of the UCL and the FLSA;

iv.   Whether Ruiz, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to provide Class members with the meal periods to which they are entitled, in violation of the California Labor Code;

AMENDED COLLECTIVE CLASS ACTION COMPLAINT

v.      Whether Ruiz by requiring its employees to perform substantial amounts of uncompensated work during their meal breaks fails to provide its non exempt hourly employees with a *bona fide* meal break, in violation of the FLSA;

vi.     Whether Ruiz, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to provide Class members with the meal periods to which they are entitled, in violation of the UCL;

ix.     Whether Ruiz, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to provide Class members with the rest periods to which they are entitled, in violation of the California Labor Code;

x.      Whether Ruiz, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to provide Class members with the rest periods to which they are entitled, in violation of the UCL;

xi.     Whether Ruiz's systemic failure to provide Class members with off-duty meal periods violates the California Labor Code and IWC wage orders;

xii.    Whether Ruiz's systemic failure to provide Class members with off-duty meal periods has been an unlawful, unfair or fraudulent business act or practice, in violation of the UCL;

xv.     Whether Ruiz's policy and practice of failing to pay Class members all wages due upon the end of their employment violates the California Labor Code;

xvi.    Whether Ruiz's policy and practice of failing to pay Class members all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice, in violation of the UCL;

xvii.   The proper formula for calculating restitution, damages and penalties owed to Plaintiffs and the Class as alleged herein.

26.     Typicality:  Plaintiffs' claims are typical of the claims of the Class. Ruiz's common course of conduct in violation of the laws as alleged herein has caused Plaintiffs and Class members

to sustain the same or similar injuries and damages. Moreover, Plaintiffs have worked in various departments within the plant and have experienced the same violations in all departments in which they have worked.  Plaintiffs' claims are, therefore, representative of and co-extensive with the claims of the Class.

27.    Adequacy of Representation:  Plaintiffs are members of the Class, do not have any conflicts of interest with other Class members, and will prosecute the case vigorously on behalf of the Class.  Counsel representing Plaintiffs and the Class are competent and experienced in litigating large employment Class actions, including numerous cases involving each of the statutory claims alleged herein.  Plaintiffs will fairly and adequately represent and protect the interests of the Class members.

28.    Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class member has been damaged and is entitled to recovery by reason of Ruiz's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *et seq.*

### (All Plaintiffs v. All Defendants)

29.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

30.    Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendants were and are obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

- 12 -
AMENDED COLLECTIVE CLASS ACTION COMPLAINT

31.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendants, because they failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.  Plaintiffs assert that the Defendants' refusal to pay for time worked was willful.

32.     WHEREFORE, with relation to the First Cause of Action, Plaintiffs pray for the following relief against all Defendants:

A.   That this Court permit this action to go forward as a representative action pursuant to 28 U.S.C. § 216(b) and approves notice of this action to all other similarly situated individuals at Defendant Ruiz's Dinuba, California facility;

B.   That this Court Order an accounting of lost wages for Plaintiffs;

C.   That this Court enjoin Defendants from continuing to commit unlawful practices related to wages at its Dinuba, California food processing facility; and

D.   That this Court award lost overtime wages, liquidated damages, all other available statutory relief, including, *inter alia*, interest, and any other relief this Court deems appropriate.

## SECOND CAUSE OF ACTION

**Violation of California Labor Code**
**Failure to Compensate for All Hours Worked**

**(All Plaintiffs v. All Defendants)**

33.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

34.     California Labor Code §204 provides that wages for all work performed must be paid "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

- 13 -
AMENDED COLLECTIVE CLASS ACTION COMPLAINT

35.     Plaintiffs and the Class were required by Ruiz to work "off-the-clock" without compensation for their work performed. Thus, Plaintiffs and the Class members were forced to perform work for the benefit of Ruiz without compensation.

36.     In violation of state law, Ruiz knowingly and willfully refused (and refuses) to perform its obligations to provide Plaintiffs and the Class with compensation for all time worked as required by California law.  Ruiz committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the Class, with improper motives amounting to malice, and in conscious disregard of the rights of Plaintiffs and the Class. Plaintiffs and the Class are thus entitled to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.  In addition, Plaintiffs and the Class are entitled to civil penalties pursuant to California Labor Code § 2699(f).

37.     As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial.

38.     Wherefore, Plaintiffs and the Class request the foregoing relief and all such relief hereinafter provided.

### THIRD CAUSE OF ACTION

**Violation of California Labor Code**
**Failure to Pay Overtime Wages**

**(All Plaintiffs v. All Defendants)**

39.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

40.     California Labor Code §510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one work week shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less

AMENDED COLLECTIVE CLASS ACTION COMPLAINT

than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a work week shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

41. The IWC Wage Order 4-2001(3)(A)(1), 8 Cal. Code Regs. §11040, states:

(3)(A)(1)The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

42. California Labor Code §1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

43. California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

- 15 -
AMENDED COLLECTIVE CLASS ACTION COMPLAINT

44.     Ruiz's across-the-board policy of requiring Plaintiffs and the Class to perform substantial work "off the clock" has been unlawful.  As a result of this unlawful policy, Plaintiffs and Class members have worked overtime hours for Ruiz without being paid overtime premiums, in violation of the California Labor Code, IWC wage orders and other applicable law.

45.     Ruiz has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, Ruiz has damaged Plaintiffs and the Class in amounts to be determined according to proof at time of trial.

46.     Ruiz is liable to Plaintiffs and the Class alleged herein for the unpaid overtime and all other relief to which Plaintiffs are presently entitled statutorily and under applicable law, with interest thereon, including, *inter alia*, civil penalties pursuant to California Labor Code § 2699(f) and IWC Wage Order 4-2001(20).

47.     Wherefore, Plaintiffs and the Class request the foregoing relief and all such relief hereinafter provided.

## FOURTH CAUSE OF ACTION

**Violation of California Labor Code**
**Failure to Provide Meal and Rest Periods**

**(All Plaintiffs v. All Defendants)**

48.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

49.     California Labor Code §§ 226.7 and 512 and the applicable IWC wage orders require Ruiz to provide meal and rest periods to its production-line employees. Labor Code §§ 226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes. Section 226.7 and the applicable wage orders also require employers to provide employees

- 16 -
AMENDED COLLECTIVE CLASS ACTION COMPLAINT

ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

50.     Under §226.7(b) and the applicable wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.  Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

51.     Despite these requirements, Ruiz has knowingly and willfully refused to perform its obligations to provide Plaintiffs and the Class with the off-duty meal and rest periods to which they are entitled. Ruiz has also failed to pay Plaintiffs and the Class one hour of pay for each off-duty meal and/or rest period that they are denied. Ruiz's conduct described herein violates California Labor Code §§226.7 and 512, and the applicable wage orders. Therefore, pursuant to Labor Code §226.7(b), Plaintiffs and the Class are entitled to compensation for the failure to provide meal and rest periods, plus interest and all other relief presently available statutorily and/or under applicable law.  In addition, Plaintiffs and the Class are entitled to civil penalties pursuant to California Labor Code § 2699(f).

52.     Wherefore, Plaintiffs and the Class request the foregoing relief and all such relief hereinafter provided.

### FIFTH CAUSE OF ACTION

**Unpaid Wages and Waiting Time Penalties In
Violation of California Labor Code**

**(All Plaintiffs v. All Defendants)**

58.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

AMENDED COLLECTIVE CLASS ACTION COMPLAINT

59.     California Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

60.     California Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

61.     Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

62.     Class members have left their employment with Ruiz during the statutory period, at which time Ruiz owed them their unpaid wages. Ruiz willfully refused and continues to refuse to pay Class members all the wages that were due and owing them upon the end of their employment. As a result of Ruiz's actions, the Class has suffered and continues to suffer substantial losses, including lost earnings and interest.

63.     Ruiz's willful failure to pay Class Member the wages due and owing them constitutes a violation of Labor Code §§201-203.  As a result, Ruiz is liable to Plaintiffs and the Class members for all wages due and other relief presently available to them statutorily and under applicable law, plus interest, including, *inter alia*, civil penalties pursuant to California Labor Code § 203.  In addition to section 203 penalties, or alternatively, Plaintiffs and the Class are entitled to civil penalties pursuant to California Labor Code § 2699(f).

64.     Wherefore, Plaintiffs and the Class request the foregoing relief and all such relief as hereinafter provided.


### SIXTH CAUSE OF ACTION

**California Wage Statement Class for Failure to Properly Itemize Pay Stubs in Violation of California Labor Code §§ 226(a) and 226(e)**

**(All Plaintiffs v. All Defendants)**

65.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

66.     At all times relevant to this Complaint, California Labor Code section 226 was in effect and provided, *inter alia*, that upon paying an employee his or her wages, the employer must:

> "furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

67.     Plaintiffs believe and, therefore allege, that Defendants failed to furnish them and all other similarly-situated employees with proper and accurate itemized written statements containing, *inter alia*, all the hours that Plaintiffs (and other similarly-situated employees) worked; the gross wages earned; the net wages earned; and the total hours worked.

- 19 -
AMENDED COLLECTIVE CLASS ACTION COMPLAINT

68.     Plaintiffs allege that Ruiz's failure to furnish them with proper itemized wage statements was done knowingly and intentionally, and that they (and others similarly-situated – *i.e.*, the Class) suffered injury thereby. Thus, under California Labor Code section 226(e), Plaintiffs and the Class are entitled to recover actual damages or other relief presently available to them statutorily and under applicable law, plus interest.  In addition to section 226(e) penalties, or alternatively, Plaintiffs and the Class are entitled to civil penalties pursuant to California Labor Code § 2699(f).

69.     Wherefore, Plaintiffs and the Class request the foregoing relief and all such relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION

**Violation of California Business and Professions Code §§ 17200 *et seq*.**

**(All Plaintiffs v. All Defendants)**

70.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

71.     The UCL prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

72.     Section 17204 of the UCL allows a person injured by the unfair business acts or practices to prosecute a civil action for violations of the Act.

73.     Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

74.     Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Ruiz has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

AMENDED COLLECTIVE CLASS ACTION COMPLAINT

a.     violations of Labor Code § 204 pertaining to the payment of wages for all hours worked;

b.     violations of Labor Code §§ 510 and 1194 and IWC wage orders pertaining to overtime;

c.     violations of Labor Code §§ 226.7 and 512 and IWC wage orders pertaining to meal and rest breaks;

d.     violations of Labor Code §§201-203; and

e.     violations of the FLSA as alleged herein.

75.     The violations of these laws and regulations, as well as of the fundamental California public policies protecting straight time wages and overtime wages, serve as unlawful predicate acts and practices for purposes of the UCL.

76.     The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of the UCL. Among other things, the acts and practices have taken from Plaintiffs and the Class wages rightfully earned by them, while enabling Ruiz to gain an unfair competitive advantage over law-abiding employers and competitors.

77.     Section 17203 of the UCL provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Ruiz from repeating the unlawful, unfair and fraudulent business acts and business practices alleged above.

78.     As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

79.     Section 17203 of the UCL provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiffs and the Class are entitled to restitution pursuant to Business and Professions Code § 17203

AMENDED COLLECTIVE CLASS ACTION COMPLAINT

for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

80.     Section 17202 of the UCL provides that "[n]otwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Unless otherwise prevented by applicable law, Plaintiffs and Class members are entitled to enforce all applicable provisions of the Labor Code pursuant to Business and Professions Code § 17202.

81.     Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sue on behalf of themselves, as well as others similarly situated. Plaintiffs and the Class seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

82.     Plaintiffs herein take it upon themselves to enforce these laws and lawful claims.

83.     Wherefore, Plaintiffs and the Class request the foregoing relief and all such relief as hereinafter provided.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.  For damages and restitution according to proof at trial for all unpaid wages, unpaid overtime, and unpaid minimum wages and other injuries, as provided by the FLSA, California Labor Code, IWC wage orders, and/or other applicable law;

B.  For a declaratory judgment that Ruiz has violated the FLSA, California Labor Code, IWC wage orders, and public policy as alleged herein;

C.  For a declaratory judgment that Ruiz has violated Business and Professions Code §§ 17200, *et seq*., as a result of the aforementioned violations of the FLSA, California Labor Code and IWC wage orders, and of federal and California public policy protecting wages;

D.  For preliminary, permanent and mandatory injunctive relief prohibiting Ruiz, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

E.  For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

- 22 -
AMENDED COLLECTIVE CLASS ACTION COMPLAINT

F.  For an order awarding Plaintiffs and the Class members compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiffs and Class members, together with interest on these amounts, according to proof;

G.  For an order awarding Plaintiffs and the Class all other relief presently available to them pursuant to the FLSA and California Labor Code provisions cited herein and the UCL, with interest thereon;

H.  For an award of reasonable attorneys' fees as provided by the FLSA, California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law;

I.  For an order awarding civil penalties as provided by the California Labor Code, applicable IWC wage orders, and/or other applicable law;

J.  For all costs of suit; and

K.  For such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all claims so triable.

Respectfully Submitted,

Date:  April 29, 2011

SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP

_____
Lesley E. Weaver, Esquire
(SBN 191305)
199 Fremont Street , 20th Floor
San Francisco, CA 94105-2255
Telephone: (415) 992-7282
Facsimile: (415) 489-7701
Email: lweaver@sfmslaw.com

Philip A. Downey, Esquire
Pennsylvania Bar ID No. 81603
The Downey Law Firm, LLC
P.O. Box 1021
Unionville, PA 19375
Telephone: (610)324-2848
Facsimile:  (610)813-4579
Email: downeyjustice@gmail.com

Eric L. Young, Esquire
Pennsylvania Bar ID No. 84109

- 23 -
AMENDED COLLECTIVE CLASS ACTION COMPLAINT

Egan Young, *Attorneys-at-Law*
526 Township Line Road, Suite 100
Blue Bell, PA 19422
Telephone: (215) 367-5151
Facsimile: (215) 367-5143
Email: eyoung@eganyoung.com

James E. Miller, Esquire
(SBN 262553)
Karen M. Leser-Grenon, Esquire
(SBN 231189)
Shepherd, Finkelman, Miller & Shah, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile:  (860) 526-1120
Email: jmiller@sfmslaw.com
 kleser@sfmslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

AMENDED COLLECTIVE CLASS ACTION COMPLAINT