Mitchell F. Boomer (SBN: 121441)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
Email: boomerm@jacksonlewis.com

Attorneys for Defendant Ruiz Food Products, Inc.

Lesley E. Weaver, Esquire
Shepherd, Finkelman, Miller & Shah, LLP
199 Fremont Street, 20th Floor
San Francisco, CA 94105
Telephone: (415) 992-7282
Facsimile: (415) 489-7701
Email: lweaver@sfmslaw.com

(Additional counsel on signature page)

Attorneys for Plaintiffs and the Proposed Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FRANCO and LILIA CASTRO, on behalf of themselves and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>RUIZ FOOD PRODUCTS, INC., and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 1:10-CV-02354-AWI-SKO<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS** |

Plaintiffs Patricia Franco and Lilia Castro, on behalf of themselves and all other similarly situated individuals, (hereinafter "Plaintiffs") and Defendant Ruiz Food Products, Inc. (hereinafter "Ruiz Foods"), through their counsel of record,

1

STIPULATED PROTECTIVE ORDER                         Case No.: 1:10-CV-02354-AWI-SKO

hereby stipulate and agree as follows:

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve and/or already have involved production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Such information includes, but is not limited to, private personnel information such as disciplinary records, social security numbers and compensation and benefits, as well as Ruiz Foods' confidential or trade secret information related to its product manufacturing operations.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; applicable federal and local rules must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file material under seal. It is the parties' objective to avoid filing materials under seal to the greatest extent possible, and this protective order is designed to minimize the need for the use of such sealed filing procedures by protecting against inadvertent disclosure of confidential information during discovery and other activities preceding any court filings and/or hearings.

2.     DEFINITIONS

2.1     Party: Any party to this action, including all of its, her, or their officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material:     All    items    or    information,

regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items:  Information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under federal or state law, including information the Producing Party may contend contains confidential business or technical information, proprietary information, trade secrets, or other information considered by the Producing Party in good faith to be confidential.

2.4   Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5   Producing Party:  A Party or non-party that produces Disclosure or Discovery Material in this action.

2.6   Protected Material:  "Protected Material" shall include any Disclosures or Discovery Material: (1) describing, referring or relating to all payroll records including but not limited to timekeeping records and punch details, records related to wages, earnings, wage rates, pay rates, benefits, and compensation received by Plaintiffs or any other current or former Ruiz Foods' employees: (2) describing, referring or relating to costs, pricing, manufacturing processes, practices and techniques and all other aspects of Ruiz Foods' manufacturing and business operations; (3) describing, referring or relating to discipline of any current or former Ruiz Foods' employees; and, (4) unique information referring or relating to any current or former Ruiz Foods' employees including but not limited to medical information and personal identification such as social security information.

2.7   Outside Counsel:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.8   House Counsel:  Attorneys who are employees of a Party.

2.9   Counsel (without qualifier):  Outside Counsel and House Counsel (as

well as their support staffs).

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Parties agree otherwise in writing or a court order otherwise directs. In addition, the Parties agree to be bound by this agreement pending approval of the court.

5. PROTECTED MATERIAL

5.1 Any Producing Party that believes documents produced in discovery constitute Protected Material shall mark such documents "CONFIDENTIAL." For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.2 Deposition transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," if so instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony. In the event that such a designation is not made during a deposition, either party to the litigation may make such a deposition within thirty (30) days of receiving the deposition transcript.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this

case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 9, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the agreement of all Parties, a Receiving Party may disclose Protected Material only to:

(a) the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the Court and its personnel;

(c) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) witnesses in the action to whom disclosure is reasonably necessary during their depositions and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), if the Producing Party contemporaneously requests that the witness sign the Agreement. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. However, a request that such materials be so bound may be made either at the deposition, or within thirty (30) days of receipt of the deposition transcript;

(e) the author of the document or the original source of the information; and,

(f) witnesses, and individuals retained as consultants or expert witnesses, provided such individuals have first been shown and signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

7. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns, by inadvertence or otherwise, that it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the counsel for the other Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. <u>FILING PROTECTED MATERIAL</u>. Where otherwise appropriate, Protected Material may be filed with the Court directly unless the Party which produced such Protected Material brings a motion requiring the filing of such documents to be made under Seal pursuant to Civil Local Rules 141 and 141.1.

9. <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that affirms that all the Protected Material was returned and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the

Protected Material. Notwithstanding this provision, the Parties are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

10.  MISCELLANEOUS

    10.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    10.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Dated: July 15, 2011

Respectfully submitted,

JACKSON LEWIS LLP


/s/ Mitchell F. Boomer
Mitchell F. Boomer (State Bar No. 121441)
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
Email: boomerm@jacksonlewis.com

Cynthia Sandoval (State Bar No.191390)
JACKSON LEWIS LLP
5000 Birch Street, Suite 5000
Newport Beach, California 92660
Telephone: (949) 885-1360
Facsimile: (949) 885-1380
Email: sandovalc@jacksonlewis.com

*Attorneys for Defendant Ruiz Food Products, Inc.*

1  IT IS SO STIPULATED:

2  SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
3  **E-filing attorney authorized to submit conformed signature on behalf of:**
4  /s/ Lesley E. Weaver
5  Lesley E. Weaver, Esquire
   199 Fremont Street, 20th Floor
6  San Francisco, California 94105
   Telephone: (415) 992-7282
7  Facsimile: (415) 489-7701
   Email: lweaver@sfmslaw.com
8
   Philip A. Downey, Esquire
9  The Downey Law Firm, LLC
   P.O. Box 1021
10 Unionville, PA 19375
   Telephone: (610) 324-2848
11 Facsimile: (610) 813-4579
   Email: downeyjustice@gmail.com
12

Eric L. Young, Esquire
Egan Young, Attorney-at-Law
526 Township Line Road, Suite 100
Blue Bell, PA 19422
Telephone: (215) 367-5151
Facsimile: (215) 367-5143
Email: eyoung@eganyoung.com

James E. Miller, Esquire
Karen M. Leser-Grenon, Esquire
Shepherd, Finkelman, Miller & Shah, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120
Email: jmiller@sfmslaw.com
       kleser@sfmslaw.com

13 *Attorneys for Plaintiffs and the Proposed Class*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Patricia Franco and Lilia Castro, on behalf of themselves and on behalf of all similarly situated individuals v. Ruiz Food Products, Inc.* Case No. 1:10-CV-02354-AWI-SKO.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity, except in compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## ORDER OF THE COURT

Having reviewed the Parties' "Stipulation and Protective Order Regarding Disclosure of Confidential Documents," the Court finds as follows:

1. Plaintiffs and Defendant propose that the following information likely to be exchanged in discovery in this matter should be treated as confidential "Protected Material:" (1) documents or discovery material describing, referring or relating to all payroll records including but not limited to timekeeping records and punch details, records related to wages, earnings, wage rates, pay rates, benefits, and compensation received by Plaintiffs or any other current or former Ruiz Foods' employees: (2) documents or discovery material describing, referring or relating to costs, pricing, manufacturing processes, practices and techniques and all other aspects of Ruiz Foods' manufacturing and business operations; (3) documents or discovery material describing, referring or relating to discipline of any current or former Ruiz Foods' employees; and (4) documents or discovery material containing unique information referring or relating to any current or former Ruiz Foods' employees including but not limited to medical information and personal identification such as social security in shall constitute as follows:

2. Good cause warrants ordering that each of the proposed categories of Protected Material be treated as confidential in order to protect, on the one hand, the privacy rights of Ruiz Foods' current and former employees with respect to their compensation, finances, disciplinary records and other personal information and, on the other hand, Ruiz Foods' legitimate interest in protecting confidential and/or trade secret information pertaining to its manufacturing operations and products.

3. The Parties anticipate utilizing expert witnesses and/or consultants; therefore, it is appropriate for the court to issue an order to enforce the

Parties' agreed upon treatment of the Protected Material during the pendency of this action.

Based upon the foregoing Stipulation and good cause appearing, the Court grants the Parties' STIPULATION AND PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS.

IT IS SO ORDERED.

Dated: __**July 19, 2011**__                           __/s/ Sheila K. Oberto__
                                                                        UNITED STATES MAGISTRATE JUDGE