# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FRANCO and LILIA CASTRO, on behalf of themselves and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>RUIZ FOOD PRODUCTS, INC., and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 1:10-cv-02354-AWI-SKO<br><br>**ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT**<br><br>(Doc. 27)<br><br>**ORDER SETTING FORTH IMPLEMENTATION SCHEDULE FOR FURTHER PROCEEDINGS**<br><br>**ORDER REQURING PARTIES TO FILE SPANISH-LANGUAGE VERSION OF NOTICE OF CLASS SETTLEMENT** |

On December 22, 2011, Plaintiffs Patricia Franco and Lilia Castro, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendant Ruiz Food Products, Inc. ("Ruiz"), and Does 1-50, (collectively, "Defendant") filed a joint Motion for Preliminary Approval of Class Action Settlement. (Docs. 27-29.) A hearing was held on February 1, 2012, before Magistrate Judge Sheila K. Oberto.

This matter having come before the Court on the Parties' joint motion for preliminary approval of a proposed class action and collective action settlement of the above-captioned case, as set forth in the Joint Stipulation of Settlement and Release Between Plaintiffs and Defendant ("Stipulation of Settlement"), and the Court having duly considered the papers and arguments of counsel, the Court HEREBY FINDS AND ORDERS as follows:

1. Unless defined herein, all defined terms in this order shall have the respective meanings as the same terms in the Stipulation of Settlement.

2. The Court has conducted a preliminary evaluation of the settlement set forth in the Stipulation of Settlement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that there is probable cause to believe that the settlement is fair and has been negotiated at arm's length, and that its adequacy is such that the settlement falls within the range of possible final approval. The Court finds that there is probable cause to submit the material terms of the settlement to Settlement Class members for their consideration and reaction. Therefore, the Court grants preliminary approval of the settlement.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3) and the Fair Labor Standards Act, and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of all persons currently or formerly employed as non-exempt production line employees at the Ruiz Foods processing facility in Dinuba, California, between December 15, 2006 and the Date of Preliminary Approval of the Settlement.

4. For settlement purposes only, the Court hereby appoints the following as Settlement Class Counsel:

> Eric L. Young
> Egan Young, Attorneys At Law
> 526 Township Line Road, Suite 100
> Blue Bell, PA 19422

Rose F. Luzon
Shepherd, Finkelman, Miller & Shah, LLP
401 West A Street, Suite 2350
San Diego, CA 92101

Philip A. Downey
The Downey Law Firm, LLC
P.O. Box 1021
Unionville, PA 19375

5. On August 1, 2012, at 9:30 a.m., this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Stipulation of Settlement and proposed settlement, and to determine whether (a) final approval of the settlement should be granted; and (b) Settlement Class Counsel's application for attorneys' fees and expenses should be granted, and in what amount; and (c) whether the request for enhancement awards for the named Plaintiffs in this litigation should be granted, and in what amount. No later than July 5, 2012, Plaintiffs must file their papers in support of final settlement approval and in response to any objections. No later than July 20, 2012, the Settlement Administrator must provide the Court with a declaration specifying due diligence in administering the Notices to Class Members. The Class Notices provided to Class Members shall be provided in both English and Spanish.

6. Subject to the Court's consideration of additional evidence regarding the issue of notice at the Fairness Hearing, and based on the documents submitted and information provided to the Court in connection with the preliminary approval, the Court approves the proposed plan for giving notice to the Settlement Class, as described in the Stipulation of Settlement. The plan for giving notice, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court hereby directs the Parties and Settlement Administrator to mail the Notice to all Class Members no later than March 28, 2012.

7. All persons who meet the definition of the Settlement Class and who wish to

exclude themselves from the Settlement Class must submit their request for exclusion in writing, no later than May 14, 2012, stating the Class Member has decided not to participate in the Settlement, and desires to be excluded from the California Class.  The request for exclusion must state the Class Member's full name, address, telephone number, Social Security number, and the approximate dates of employment in California by Defendant.  The request must be mailed to the Settlement Administrator by First Class U.S. Mail, or the equivalent.  A request for exclusion that is postmarked after the deadline will be considered invalid, and rejected by the Settlement Administrator.  The Settlement Administrator shall forward copies of all requests for exclusion and W-9 forms to Settlement Class Counsel and counsel for Ruiz no later than May 24, 2012.  Any person who submits a valid request for exclusion is, upon receipt, no longer a member of the Settlement Class, is not entitled to participate in the Settlement, and is barred from objecting to the Settlement.  If Ruiz elects to reject the Settlement because 5% or more of the Class Members opt out of the Settlement Class, then it must do so no later than June 4, 2012.

8.    Any member of the Settlement Class may object to the terms of the Settlement, provided, however, that all objections must be in writing and filed with a notice of intention to appear at the final approval hearing.  Any written objection must state each specific reason in support of the Class Member's objection and any legal support for each objection.  The objection must include the Class Member's name, address, date of birth, and the dates of employment in California by Ruiz.  Objections are only valid if they are filed with the Court and delivered to each of the Parties' attorneys no later than May 14, 2012.

9.    Settlement Award checks will be mailed to Class Members within forty-five days after the Settlement becomes final and effective under the Stipulation of Settlement, or in the event an appeal is filed, then the day after the appeal is dismissed or withdrawn, or the appeal is decided upholding propriety of the Settlement (unless Defendant requests and Class Counsel

agrees to additional time, which agreement will not be unreasonably withheld).

10. All Settlement Award checks issued to Class Members shall contain, on the back of the check, the following language which shall be the opt-in consent required by the FLSA: "By endorsing this check, I consent to join the Class in *Franco, et. Al. v. Ruiz Food Products, Inc.*, elect to participate in the Settlement, and agree to release all of my claims that are covered by the Settlement." Class Members must only cash one Settlement Award check to opt-in to the Class. Any checks that are un-cashed will be paid by Defendant to Ruiz 4 Kids and Chicana Latina Foundation. Declarations from the Settlement Administrator of proof of payments, and a list of all persons who have cashed a Settlement Award check, will be filed with the Court 120 calendar days after Settlement Award checks are issues. Such declarations shall be provided to Class Counsel and Defendant's Counsel.

11. Throughout the settlement process, each Class Member forever agrees he/she shall not be entitled to pursue, accept or recover damages for any Released Claims against the Released Parties, as defined in the Stipulation of Settlement from December 15, 2006 through and including the date of final approval of the Settlement.

12. Pursuant to the agreement of the parties, the Court sets forth the following implementation schedule for further proceedings:

| Timing | Event |
|---|---|
| March 7, 2012 | Last date for Defendant to provide to Settlement Administrator a database for all Class Members, including names, last known address, Social Security numbers, and individual work weeks |
| March 28, 2012 | Last day for Settlement Administrator to mail the Notice of Settlement to Class Members |
| May 14, 2012 | Last day for Class Members to submit a Request for Exclusion form |

| Timing | Event |
|---|---|
| May 24, 2012 | Last day for Settlement Administrator to provide all Counsel copies of all Request for Exclusion forms and a W-9 form |
| June 4, 2012 | Last day for Defendant to reject the Settlement based on 5% or more of Class Members opting out |
| July 5, 2012 | Last day for filing and service of moving papers in support of Final Settlement Approval and Request for Attorneys' Fees and Costs |
| July 20, 2012 | Last day for Class Counsel to provide the Court with a declaration by Settlement Administrator re: due diligence undertaken with regard to the mailing of the Notice of Class Settlement |
| August 1, 2012 | Final Settlement Approval Hearing at 9:30 a.m. in Courtroom 7 before Magistrate Judge Sheila K. Oberto |

13. The parties are also ordered to file a Spanish-language version of the Notice of Class Settlement, including a Certification from a Translator attesting that the Spanish-language version is a true and correct copy of the English-language version. The parties should file the Spanish-language version as soon as practicable, and by no later than March 28, 2012, the last day for Settlement Administrator to mail the Notice of Settlement to Class Members.

IT IS SO ORDERED.

Dated:   **February 9, 2012**              **/s/ Sheila K. Oberto**
                                           UNITED STATES MAGISTRATE JUDGE